JOHN A. GILLIAM, Plaintiff in Error, v. EARL M. PIRKEY et al., Defendants in Error.

St. Louis Court of Appeals. Argued and Submitted March 5, 1915. Opinion Filed April 6, 1915.

1. ATTORNEY AND CLIENT: Action for Compensation: Implied Contract to Pay: Pleading: Sufficiency of Petition. In an action by an attorney for compensation for professional services, the petition alleged that defendants, as attorneys, had an interest in a certain judgment they had obtained for their client; that, for the purpose of collecting such judgment, defendants intervened in cases in which plaintiff had performed services as counsel and had done a large amount of work, thereby engaging

his services and availing themselves of his previous services, and that thereafter defendants received payment in full of said judgment, thereby becoming indebted to plaintiff for the reasonable value of his services. *Held,* that the petition did not state a cause of action; there being no averment that defendants received payment of their judgment in consequence of their intervention, or out of a fund which plaintiff had been the means of securing, which would be necessary to state a cause of action on the theory pursued, assuming that such theory is tenable (which is not decided).

**PLEADING: General Demurrer to Several Counts: Effect on Good Counts.** A general demurrer to several counts of a petition will not reach a good count, although the others are bad.

Error to St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

AFFIRMED.

*John A. Gilliam, pro se.*

*Jones, Hocker, Hawes & Angert* for defendants in error.

REYNOLDS, P. J.—In his amended petition plaintiff below, plaintiff in error here, after stating that he is an attorney and counsellor at law, and that one Millar, as executor of the last will and testament of Mrs. J. B. Millar, had recovered a judgment against the St. Louis Transit Company amounting to the sum of $7616.23, and that defendants, Messrs. Pirkey and Hocker, as attorneys for Millar, had a contingent fee and interest in the judgment of about one-third of the amount thereof, plaintiff for his first cause of action sets out that the above-named parties "desiring to collect said judgment, and in order to make more certain the recovery of said judgment on, to-wit, April 22, 1909, by their petition filed therein, intervened in the case of James B. Johnson v. Edwin H. Conrades and about fifty other defendants, a case then pending in the circuit court of the city of St. Louis, State of Missouri, a

case which was being conducted by said John A. Gilliam, as plaintiff's attorney, and in which case said Gilliam had done a great amount of legal work, and in which said Gilliam has done a great amount of legal work since that time, and thereby engaged the services of said John A. Gilliam and availed themselves of his previous services in said case until about the 10th day of January, 1913, when said defendants received payment in full of said judgment, interest and costs, and thereby became indebted to said Gilliam for his services, but notwithstanding the said defendants have received payment in full as aforesaid, they and each of them failed and refused, and still fail and refuse, to pay said Gilliam for his services in said cause. That said Reginald C. M. Millar, said Lon O. Hocker and said Earl M. Pirkey had no authority to bind or obligate the estate of said Ada J. B. Millar to pay for the services of said John A. Gilliam in said cause and by their action in intervening in said cause and availing themselves of the services of said John A. Gilliam in said cause, and soliciting, engaging and procuring the services of said John A. Gilliam for said estate in the collection of said aforesaid judgment belonging to said estate they and each of them thereby became liable to said Gilliam for the reasonable value of his services in said cause. Plaintiff states that the reasonable value of his services to defendants in said cause was $533.14, for which sum, with interest and costs of suit, he asks judgment against defendants.''

The second cause of action is word for word that of the first, except that it is stated that the defendants had intervened in the case of James B. Johnson v. James Brown and about twenty-one other defendants, and that the value of the services of plaintiff is placed at $456.97.

The third count is identical with the first, except that the intervention is said to have been in the case of James B. Johnson v. St. Louis Transit Company

and United Railways Company and the National Bank of Commerce in St. Louis, and the value of the services of plaintiff is placed at $913.94.

The defendants filed a general demurrer to this petition on the ground that it failed to state facts sufficient to constitute a cause of action against them. The demurrer was sustained and plaintiff standing on his petition, judgment followed on which a writ of error was sued out by plaintiff and duly issued from our court.

A very careful reading of the several counts in the petition compels us to hold that in not one of them, and as we have seen they are all practically alike, except as to the name of the case in which defendants are said to have intervened, and the value placed upon the services of plaintiff, is there any allegation by which it can be inferred that as the result of the intervention and as the result of any judgment or decree which plaintiff here, as attorney for the plaintiffs in the cases named, had recovered, these defendants recovered anything. It is true that it is averred that the defendants received payment in full of their judgment, interest and costs, but there is no averment that they received this in consequence of their intervention or out of the fund which this plaintiff had been the means of securing in the cause in which they intervened. It is also true that after the averment that defendants had received payment in full of their judgment, interest and costs, it is averred that they thereby became indebted to Mr. Gilliam for his services. That is a *non sequitur* from the mere allegation that the defendants received payment in full of their judgment. For anything that appears in this petition, they might have received payment of their judgment as the result of some outside negotiation. It nowhere appears in any of these counts, either in the first, second or third, that payment of the judgment was realized by defendants, either out of any fund Mr. Gilliam had been the

means of securing or as the result of their interven-
tion.

The learned counsel for plaintiff has presented a
very elaborate argument and very full brief to us in
support of his proposition that, "An attorney who
files a creditor's bill and by it recovers a fund, is en-
titled to be paid from the fund, and if he does not re-
ceive pay from the fund, he is entitled to recover from
those who have benefited by his services." We quote
this from the brief and argument of the learned coun-
sel for the plaintiff in error. Without deciding on
the correctness of this proposition, we give it as the
main proposition upon which counsel has built up his
argument. The trouble is, neither the first, second, nor
third count in this petition contains any averment that
by his creditor's bill, he recovered any fund. Nor is
there any averment that as the result of having inter-
pleaded in those cases defendants had realized any-
thing upon the judgment which they had obtained
against the St. Louis Transit Company. That is, to
repeat, it does not appear from any allegation in either
count of the petition that the intervention resulted in
the payment of the judgment mentioned. For anything
appearing in these counts to the contrary, defendants
may have secured payment of their judgment from out-
side sources, entirely independent of the intervention
and not as the result of plaintiff's labors in the cases
mentioned. This point, made by counsel himself, is
at the very foundation of his right to recover. It finds
no support in his pleading.

For these reasons we are compelled to hold that
there was no error in the action of the trial court in
sustaining the demurrer, a general one, to the whole
petition. Of course if any one count had been good,
the general demurrer would not reach that good count.
But we find no difference in the legal effect or tenor
of these counts. No one of them can stand as against
the demurrer. *Nortoni* and *Allen, JJ.,* concur.